{¶ 22} Because I believe the phrase "direct physical loss or damage" is reasonably susceptible to more than one interpretation, I respectfully dissent from the majority opinion.
 {¶ 23} The majority opinion concedes that the conjunction "or" may introduce any number of alternatives or may introduce a synonym or explanation of a previous word. The "Concise Oxford Dictionary (8th Ed.1990) Clarendon Press — Oxford." Contrary to the majority opinion, I find the precise meaning of the word "or," as used in the phrase "direct physical loss or damage," ambiguous. In my opinion, it is unclear whether "direct physical loss" is meant to convey the same meaning as the word "damage," or a different meaning. A difference in meaning would be significant here because appellant arguably did not suffer any "damage" until appellee refused to make further payments, even though the property loss had already occurred. Where the language in an insurance policy is ambiguous, it must be liberally construed in favor of the insured and strictly against the insurer that drafted the policy. Derr v. Westfield Cos. (1992),63 Ohio St.3d 537, 542.
 {¶ 24} In noting that the policy insured against damage to "covered property" and not against losses arising from appellee's decision to deny coverage, the majority opinion loses sight of the fact that the provision at issue is a provision that limits the timeframe a policyholder can bring an action against the insurer under the policy. The provision has no impact on the nature of the underlying coverage. Moreover, the loss for which appellant seeks coverage is in fact a loss arising from damage to its property allegedly caused by the hailstorm. Therefore, I see nothing unreasonable about interpreting the phrase "direct physical loss or damage" as potentially conveying two distinct concepts for purposes of determining when a policyholder must bring an action against the insurer.
 {¶ 25} For the foregoing reasons, I would reverse the decision of the trial court. Therefore, I respectfully dissent.